# Why, Appellant, *v.* Stratton.

*Negligence—Automobiles—Collision—Non-suit.*

In an action of trespass to recover damages for personal injuries sustained in a collision between two automobiles, the plaintiff testified that she was driving along a city street, in an eastwardly direction; that before she arrived at the street intersection, she observed

a car approaching about two hundred yards away; and that without looking again, she turned southwardly into the intersecting street and was struck by the automobile driven by the defendant.

Under such circumstances, a non-suit was properly entered.

That the plaintiff's car came into contact with defendant's car, at the line of direction on which the defendant's car was moving is a conclusion necessarily arising from the evidence, and it clearly appears from all of the plaintiff's testimony that her car was driven to the place of danger with knowledge that an oncoming car would arrive at the intersection of the lines of travel at about the same time. Without knowing how rapidly the defendant's car was moving and without looking to the right to observe approaching danger, the plaintiff's driver put himself and his companions in a position of peril because of his neglect of an urgent duty, and the plaintiff was therefore not entitled to recover.

Argued October 11, 1927. Appeal No. 108, October T., 1927, by plaintiff from judgment of C. P., No. 1, Philadelphia County, December T., 1924, No. 7296, in the case of Catherine A. Why v. Helen R. Stratton. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARTLETT, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of non-suit, which it subsequently refused to strike off. Plaintiff appealed.

*Error assigned* was refusal to strike off non-suit.

*James F. Boylan,* and with him *Robert E. Patterson,* for appellant.

*Harry Reiss Axelroth,* of *Axelroth and Porteous,* for appellee.

OPINION BY HENDERSON, J., March 2, 1928:

The plaintiff was riding in a Dodge sedan with her son, a man of mature years, who owned the car and

was driving it. The time was about 4 o'clock on the 6th of September, 1924. The car was moving westwardly at a speed of about 12 miles an hour on the north side of City Line road, a paved street having a width of from 20 to 22 feet between curbs. The defendant was driving eastwardly on the same street in a Marmon car. Both cars were approaching Monument Avenue which intersects City Line road substantially at right angles. The plaintiff's driver intended to go southwardly on Monument Avenue. As he neared the east line of that street, he saw the defendant's car approaching him at a distance of about 200 feet. Thereafter he turned to the left to go down the Avenue and immediately after crossing to the south side of City Line street at the intersection of the middle line of Monument Avenue, his car collided with the defendant's car, the latter car striking the car in which the plaintiff was riding at the right front fender with the result that one wheel of the Dodge car was broken and other damage caused. The contact was with the left front of the defendant's car. The Dodge car was pushed to the left and the defendant's car to the right; the latter striking a telegraph pole at the southeast corner. From the time the plaintiff's driver saw the defendant's car approaching at a distance of about 200 feet, he did not look again to observe its movement before the collision occurred, nor did any other person in the car see the defendant approaching between the location 200 feet away and the place where the cars came together. There was no evidence with respect to the speed of the defendant's car. The plaintiff's injury was caused when she was thrown between the seats of the car in which she was riding in such a manner as to produce a fracture of two ribs and cause severe bruises with a disturbance of her nervous system. The negligence charged in the statement of claim was that the defendant's automobile was operated at

a high and reckless rate of speed; that it was operated without due regard to the automobile in which the plaintiff was a passenger; and that the operator of the defendant's automobile failed to observe the law in approaching a crossing at a cross roads. At the close of the evidence for the plaintiff, the trial judge granted a nonsuit which the court subsequently refused to take off. That the plaintiff's car came into contact with the defendant's immediately on the arrival of the car at the line of direction on which the defendant's car was moving is a conclusion necessarily arising from the evidence, and it clearly appears from all of the plaintiff's testimony that her car was driven to the place of danger with knowledge that an oncoming car would arrive at the intersection of the lines of travel at about the same time. Without knowing how rapidly the defendant's car was moving and without looking to the right to observe approaching danger, the plaintiff's driver put himself and his companions in a position of peril because of his neglect of an urgent duty. The Act of June 30, 1919, P. L. 678, and the amendment of June 14, 1923, P. L. 718, prescribe the duties of drivers at intersecting points in public highways, and as the defendant's car had the right of way under the statute, it was incumbent on the plaintiff to show that her driver reached the place of crossing in time to have avoided the defendant's car, if the latter had been driven with reasonable care, but it does not appear from the testimony that this could have been done. Moreover, the case is wholly destitute of evidence that the defendant's car was operated at a high and reckless rate of speed as charged in the statement of claim, or in disregard of "the rights of the automobile" in which the plaintiff was a passenger as further charged. The defendant was not bound to assume that the car occupied by the plaintiff would be turned into Monument Avenue, and the width of City

Line road was such that a movement of about 25 feet put the front of the plaintiff car across the line of travel of the defendant's car. Before one can be held liable in such situation, it must appear that he negligently failed to stop his car after he knew or should have known of the plaintiff's peril. Great care is required at points of intersection, but we fail to find evidence on which the court should have submitted to the jury the inquiry whether on all the facts disclosed by the plaintiff's testimony the defendant was in default.

In view of this conclusion, it is unnecessary to consider the proposition presented by the appellee that the plaintiff was herself guilty of contributory negligence in not having brought to the attention of her driver the approach of the defendant's car when she saw it 200 feet away and failed thereafter to notice it until the cars came together. We regard the action of the court below as well taken on the case as presented by the plaintiff.

The judgment is affirmed.